FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANY, | } } } |
| Plaintiff, | } } } |
| v. | } CASE NO. CV 96-B-0846-S } } |
| SOUTHERN UTILITY CONSTRUCTION, INC., SOUTHERN TREE EXPERT COMPANY, CHARLOTTE ARNOLD, | } } } |
| Defendants. | |

ENTERED
FEB 03 1997

## MEMORANDUM OPINION

This matter is before the court on the unopposed motion of plaintiff Cincinnati Insurance Company ("Cincinnati") for summary judgment. Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that plaintiff's motion is due to be granted.

On or around September 22, 1995, defendant Charlotte Arnold filed a lawsuit against Southern Utility Construction, Inc. ("Southern Utility") and its wholly owned subsidiary, Southern Tree Expert Company, Inc. ("Southern Tree"), in which she alleged that she had been subjected to both race and sex discrimination in violation of federal and state law. (Compl. at 2.) At the time of the Arnold lawsuit, Southern Utility and Southern Tree were insured by plaintiff Cincinnati under a commercial general liability policy ("CGL policy") and a commercial umbrella policy ("Umbrella policy"). (*Id.*)

17

On April 3, 1996, Cincinnati filed the declaratory judgment action presently before the court, seeking a determination that under the terms of the CGL policy and Umbrella policy no coverage or defense was due to Southern Utility and Southern Tree in the underlying lawsuit filed by Charlotte Arnold. (*Id.* at 5-6.)

FED. R. CIV. P. 56 (e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

As indicated by Rule 56(e), although a court may not grant a motion for summary judgment simply because the motion goes unopposed, it may do so if summary judgment is otherwise appropriate.

After applying the summary judgment standards to the facts of this case, the court concludes that there is no genuine issue as to any material fact, and plaintiff is entitled to a judgment as a matter of law. Specifically, the court concludes that, under the policies of insurance issued by the plaintiff Cincinnati Insurance Company, no coverage is afforded defendants Southern Utility Construction, Inc. and Southern Tree Expert Company for the allegations against those defendants in the underlying lawsuit, *Charlotte Arnold v. Southern Utility Construction, Inc., & Southern Tree Expert Co. Inc.*, CV-95-P-2453-S, filed by defendant Arnold. The court further holds that plaintiff is not obligated to defend the defendants, Southern Utility Construction, Inc. and Southern Tree Expert Company, in CV-

95-P-2453-S, or pay any judgment or cost arising therefrom. An order granting plaintiff's motion for summary judgment shall be entered contemporaneously herewith.

**DONE** this 21st day of January, 1997.

**SHARON LOVELACE BLACKBURN**
United States District Judge

3